This action was trespass on the case charging the defendant with negligence which resulted in the death of the plaintiff's intestate. He was a workman employed by the defendant, and was riding with other workmen on a hand car from Providence to Olneyville when the car was overtaken by a special train from Providence and *Page 358 
he was killed. The accident happened November 27, 1879, as the workmen were returning home from their work.
Number 24 of the company's rules is:
"Section foremen are directed to give close attention to the telegraph wires, unite them when broken, reset poles when down or in danger of falling, and render any required assistance to the telegraph repairer. They may expect a train in either directionwithout signals being shown for it, and will use every precaution to insure safety."
The other facts necessary to make the petition intelligible are stated in the opinion of the court.
The plaintiff recovered a verdict of $2,900, and the defendant filed this petition.
We think the verdict is against the evidence and the weight thereof. The evidence shows that the intestate was acquainted with Rule 24, and consequently knew the risk he was running from special trains by riding on the hand car. It does not appear that he rode there by any positive command or coercion from his superior. The testimony on that point was this: after the work of the day was done, the foreman said to him and others of his gang that there were twenty minutes before the next train, meaning as was well understood the next regular train, and therefore time to reach the station before it came along; thereupon the men mounted the car without objection, the intestate as willingly as the others, all of them, for anything that appears, being ready to take the risk without the delay of sending out red flags, which would have protected them, apparently because they were in a hurry to get home, as it was Thanksgiving Day. There was no carelessness in the management of the special train after the hand car was discovered. The accident may be attributed to two causes, to wit: neglect on the part of the hand car to send out the red flags or to take other sufficient precautions; and an omission on the part of the company to signal the coming of the special train. The defendant accepted both risks; the first by riding on the hand car willingly and without objection, knowing that the flags had not been sent nor other precautions taken; the second, by riding there knowing of Rule 24, which permitted the dispatch of special trains without signalling in advance. By continuing *Page 359 
in the service after being informed of the rule he accepted the risk of such unsignalled special trains as one of the risks of the service.
Petition granted.